DU BOISE v. FLINT COMMONWEALTH CORPORATION.

1. APPEAL AND ERROR — CONSIDERING ASSIGNMENTS OF ERROR ON RECORD.
   Where the bill of exceptions was stricken from the files, the Supreme Court may not consider testimony given on the trial, in considering on the record, under Supreme Court Rule No. 11, an assignment of error that the trial court erred in entering judgment for plaintiff *non obstante*, on his motion that he was entitled thereto under undisputed testimony.[1]

2. CONTRACTS—APPELLANT MAY NOT COMPLAIN OF RESULT OF ITS BREACH OF CONTRACT.
   Where, under a contract for the supervision of the construction of a building, plaintiff agreed to accept a certain amount of his pay in stock of defendant corporation whose assets would be represented by a completed building and defendant, by its breach of the contract, was unable to deliver such stock, the building not being completed, it may not complain that, in an action for damages for said breach, the judgment as rendered gives plaintiff his entire fee in cash rather than partly in stock.[2]

[1]Appeal and Error, 4 C. J. § 1953; [2]Contracts, 13 C. J. § 592.

Error to Genesee; Smith (Guy E.), J., presiding. Submitted January 8, 1925. (Docket No. 41.) Decided April 3, 1925.

Assumpsit by Alphonse R. DuBoise against the Flint Commonwealth Corporation for breach of a building contract. Judgment for plaintiff *non obstante veredicto*. Defendant brings error. Affirmed.

*Farley & Selby*, for appellant.

*Charles Bowles*, for appellee.

SHARPE, J.    Plaintiff's counsel at the conclusion of the proofs moved for a directed verdict for the full amount claimed by him.    Decision on the motion was reserved and the case submitted to the jury, who found for him in the sum of $5,361.02.    Thereafter his counsel moved for a judgment in the sum of $92,637.09 notwithstanding the verdict.    This motion was granted and judgment entered accordingly.    Defendant sued out a writ of error to review this judgment.    The bill of exceptions was settled over plaintiff's objection.    His motion to strike the bill from the files of this court was granted.    Defendant insists that it is entitled to a consideration of its assignment that the court erred in granting plaintiff's motion and entering judgment notwithstanding the verdict, on the record in the court below without reference to the bill of exceptions, under Supreme Court Rule No. 11.    Plaintiff denies that defendant has any such right.

The declaration contains a special count on a contract entered into between the parties whereby plaintiff undertook to superintend the erection of a commercial and apartment building in the city of Flint, his compensation therefor to be a fixed percentage of

the cost of the building. A breach in not permitting plaintiff to proceed with the construction was alleged and damages claimed "in an amount of money equal to the compensation which would have been earned" by plaintiff for the construction of the building had he been permitted to perform. The common counts were added.

One of the reasons assigned by plaintiff why he should have judgment notwithstanding the verdict in the amount claimed by him was:

"Because under the undisputed evidence received upon the trial of said cause, the plaintiff was entitled to recover the following damages, to-wit:

| | |
|---|---:|
| Promissory note | $3,500.00 |
| Interest thereon | 769.22 |
| 6 per cent. of total cost of building less expenses of plaintiff amounting to $11,137 | 78,549.22 |
| Interest on $78,549.22 at 5 per cent | 9,818.65 |
| Total | $92,637.09" |

The other reasons but emphasized this, and it is apparent that the judgment was entered by the trial court for the reason stated. We think this fairly brings before us the question whether, because of the breach complained of, and which we must assume to have been established, the plaintiff was entitled to the damages stated by him in his motion, and for which judgment was entered.

The compensation to which plaintiff was entitled on performance of the contract on his part was thus stated:

"The profit fee shall be six per cent. of total cost of labor and material and shall include and cover payment for the following:" etc.

Payment thereof was provided for as follows:

"On account of the contractor's profit fee, the equip-

ment rental charge and the tool charge, the owner shall pay the contractor two (2) per cent. cash and four (4) per cent. in stock on presentation of statement and bills due and payable."

In discussing this question counsel for defendant several times refer to the testimony. This we may not consider. They insist, however, that under the judgment rendered plaintiff receives his entire fee in cash, while under the contract he agreed to accept four per cent. of it in stock of the corporation. It is fairly inferable from the contract that the stock which he agreed to accept was stock in a corporation whose assets would be represented by a completed building to cost upward of a million dollars. On default, the defendant was unable to deliver such stock to him for the reason that no such building had been constructed. No value could be placed thereon. We must assume that, had there been no breach, it would have been fairly represented by the par value of the stock when issued.

On the record as made, we can but affirm the judgment.

McDONALD, C. J., and CLARK, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.